STAPLETON et al. v. GREENWICH INS. CO.

(City Court of New York. General Term.   April 27, 1896.)

1. INSURANCE—"VACANT AND UNOCCUPIED" HOUSE.
   A house which, for several months before loss, contained nothing but a blanket or two, and was merely visited twice a day by the owner's employé, was "vacant and unoccupied," within the provision of a fire policy, avoiding the insurance if the house should be vacant and unoccupied for 10 days.

2. SAME—WAIVER OF CONDITION.
   Where the conditions of a policy have not been complied with, it is incumbent on the assured to show a waiver of the condition, in order to recover under the policy.

Appeal from trial term.

Action by Mary A. Stapleton and others against the Greenwich Insurance Company of the city of New York on a fire policy.   There was a judgment in favor of plaintiffs, and defendant appeals.   Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and Mc-CARTHY, JJ.

Butler, Stillman & Hubbard (Adrian H. Larkin, of counsel), for appellant.

Niles & Johnson (W. W. Niles, Jr., of counsel), for respondents.

FITZSIMONS, J.   On the 25th day of May, 1892, and for three years thereafter, the defendant insured a house owned by the plaintiff, "occupied as a dwelling." Said house was burned and destroyed by a fire which occurred on April 2, 1894. The policy of insurance issued by the defendant contained the following clause:

"The entire policy, unless  otherwise provided by agreement indorsed thereon, or added thereto, shall be void if the building therein described, whether intended for occupancy by the owner or tenant, be or become vacant or unoccupied, and remain so for ten days."

For several months before the fire, one Du Briss, a man employed by plaintiffs and others, visited the insured house every morning and night, but in no other way did he occupy the house. He had a few blankets there for a bed, but did not sleep there, and otherwise the house was not occupied, and was vacant. As pointed out, the policy of the defendant provided that, if the insured house became vacant and unoccupied, and remained so for a period of 10 days, then, and in that event, unless consented to by the defendant, the policy should be void. In our judgment, the evidence clearly shows that this provision was violated. The house was undoubtedly vacant and unoccupied for a more longer period of time, in fact for several months prior to the fire. The fact that Du Briss had a blanket or two therein, and visited it twice every day, was not occupying it, within the meaning of the policy, and was so held by the justices composing the January, 1896, general term of this court. Now, was there a waiver of said provisions? It was the duty of the plaintiff to establish the waiver of said provision, if any there was, and their testimony entirely fails to prove that such was the case. At the time the policy was issued by the defendant and accepted by the plaintiffs, the house was "occupied as a dwelling," for it so states, and thereafter such occupancy must have continued to keep the policy good, for, if the house became vacant and unoccupied, and remained so for a period of 10 days, unless by consent of the defendant, the policy was void. There is no waiver indorsed upon or added to the policy, nor is there any testimony even to show that such a waiver was made by defendant, or any duly-authorized agent.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.